**UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF KENTUCKY
LEXINGTON**

IN RE:

| | |
|---|---|
| MIKE D. FRANKLIN | CASE NO. 05-50953 |
| PAMELA M. FRANKLIN | |
| the | |
| DEBTORS | |
| | |
| ANNA D. JOHNSON, TRUSTEE | PLAINTIFF |
| | |
| VS. | ADVERSARY NO. 05-5110 |
| | |
| THE CIT GROUP/CONSUMER FINANCE, INC. | |
| CITIGROUP 2003-HE3 | |
| HSBC BANK USA as Trustee in Trust | |
| for CitiGroup Mortgage Loan Trust, Inc. | DEFENDANTS |

**MEMORANDUM OPINION**

This matter is before the court on cross motions for summary judgment filed by the Plaintiff Anna D. Johnson, Trustee ("Trustee") (Doc.# 20) and the Defendants CitiGroup 2003-HE3, successor in interest to The CIT Group/consumer Finance, Inc., and HSBC Bank, USA, as Trustee in Trust for CitiGroup Mortgages Loan Trust, Inc., Asset Backed Pass through Certificates Series 2003-HE-4 ("Defendants") (Doc. #22). The Trustee seeks to avoid Defendants' interest in real property of the debtor which was ultimately sold by master commissioner's sale, pursuant to an allegedly defective mortgage, and preserve the proceeds of said sale for the benefit of the bankruptcy estate. The Defendants also move for summary judgment determining that their interest in the property and any proceeds therefrom may not be avoided. Although

1

holders of an arguably defective mortgage, Defendants point to both the foreclosure action and valid lis pendens notice as putting the Trustee and other bona fide purchasers on constructive notice of their prior equitable interest in the property. After considering the evidence offered by the parties and the briefs and arguments of counsel, the court grants the Defendants' Motion for Summary Judgment for the reasons set forth in this Memorandum Opinion. The court has jurisdiction of this matter pursuant to 28 U.S.C. 1334(b); it is a core proceeding pursuant to 28 U.S.C. 157(b)(2)(k).

Debtors Mike and Pamela Franklin ("Debtors") owned real property in Cynthiana, KY which was pledged as security on a note dated October 25, 2000 to Defendant CIT Group in the original amount of $68,000.00. The mortgage was recorded in the Harrison County Clerk's office on December 5, 2000 and assigned the same date to Defendant CitiGroup, thereafter being recorded in the Harrison County Clerk's office on October 1, 2004. CitiGroup foreclosed on the Debtors' real estate in May, 2004, recording a lis pendens notice in the Harrison County Clerk's office on May 21, 2004. The property was sold to CitiGroup at master commissioner's sale on January 21, 2005 for the highest bid of $57,375.00, which CitiGroup in turn assigned to Defendant HSBC Bank, USA. The deed transferring the property was recorded in the Harrison County Clerk's office on March 9, 2005. The Debtors filed their Chapter 7 petition on March 22, 2005.

The Trustee brought this adversary proceeding on August 10, 2005 to avoid the Defendants' interest in the Debtors' property and to recover all funds paid to the Defendants from the master commissioner's sale under 11 U.S.C. 544, 547, and 551.

Her theory of recovery is that the mortgage securing the Debtors' original note contains an attestation clause without requisite language set forth in KRS 423.130, governing statutory requirements for a notary.  For purposes of this adversary proceeding, the Defendants did not contest the Trustee's assertion that the mortgage contains a defective notarial acknowledgment which renders it unrecordable.  However, Defendants clearly dispute Trustee's claim that the defective acknowledgment causes the Defendants' interest in the property and proceeds to be subordinated to her interest as a bona fide purchaser pursuant to 11 U.S.C. 544(a)(3).  Defendants counter that the lis pendens notice filed on May 24, 2004, the assignment of mortgage recorded on October 1, 2004 and ultimately, the deed of foreclosure recorded on March 9, 2005 all serve to provide constructive and inquiry notice of the Defendants' equitable interest in the property sufficient to defeat the Trustee's status as a bona fide purchaser without notice.

The Trustee filed her Motion for Summary Judgment on December 5, 2005, after which Defendants filed a Response, as well as their own Motion for Summary Judgment on December 20, 2005.  The Trustee filed a Reply on January 4, 2006, the parties jointly filed stipulated facts and exhibits on January 6, 2006 and the matter was heard on January 11, 2006.  After hearing argument, the court took the matter under submission.

Federal Rule of Civil Procedure 56(c), made applicable in bankruptcy by BR 7056, provides that summary judgment is appropriate and "shall be rendered forthwith if the pleading, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact and

that the moving party is entitled to a judgment as a matter of law." The parties agree that there is no genuine issue as to any material fact and that the matter is ripe for the court's determination as to how the defective mortgage, the lis pendens, the recorded assignment and the foreclosure sale all affect the relative interests of the parties to any proceeds of sale.

The U.S. Court of Appeals for the Sixth Circuit has recognized that a bona fide purchaser may only avoid an improperly executed mortgage under state law if the bona fide purchaser does not have actual or constructive knowledge of the questioned transaction. ***Simon v. Chase Manhattan Bank (In re Zaptocky )***, ***250 F.3d 1020, 1027 (6th Cir. 2001); In re Vance***, 99 Fed.Appx. 25, WL 771484 (6th Cir. 2004). In addition, a 6th Circuit BAP case involved a similar issue: Whether Ohio's lis pendens statute provided another form of constructive notice, one being effective recording of a mortgage, and if so, whether the effect of a lis pendens serves to deprive a trustee in bankruptcy of bona fide purchaser status. ***In re Periandri***, 266 B.R. 651 (6th Cir. BAP 2001). In ***Periandri***, the BAP concluded that lis pendens operates upon the filing of a judicial foreclosure suit [in Ohio], if the subject property is specifically described, and that it provides constructive notice to all of the mortgagee's interest, whatever that may be. ***Id.***

It is well-established that state law determines the extent of the trustee's rights under 11 U.S.C. 544(a)(3). ***In re Zaptocky***, supra, at 1024; ***In re Periandri***, supra, at 655. Further,"[t]he provision of sec. 544(a)(3) that the trustee takes the powers of a bona fide purchaser of real property, 'without regard to any knowledge of the trustee or

any creditor,' does not over-ride the provisions of state law which impute notice of claims to real estate, such as a *lis pendens,* to all the world." **Periandri**, id., (quoting **Saghi v. Walsh (In re Gurs)**, 27 B.R. 163, 164 (9th Cir. BAP 1983)).  KRS 382.440 is the Kentucky lis pendens statute, providing that unless notice in the form of a memorandum is filed in regard to any action involving real estate, any party who qualifies as a subsequent bona fide purchaser for value and without notice is not charged with knowledge of the action.  **Berman v. Estate of Joseph D. Weddington, et al. (In re: HNRC Dissolution Co.)**, 2005 Bankr Lexis 722 (Bankr. E.D.Ky. 2005).  Conversely, it would seem that when a memorandum *is* filed in regard to an action involving real estate, any party, including a trustee in bankruptcy, who qualifies as a subsequent bona fide purchaser without notice would be charged with constructive knowledge of the action, and therefore, the prior interest.  Such was the result reached by the 6th Circuit BAP in **Periandri**, supra, where the panel found that provisions of state law which impute notice of claims to real estate "through constructive notice, or through fact which are legally sufficient to put a purchaser upon inquiry" are not overridden by the strong arm provision of sec. 544 (a)(3).  **Periandri**, at 656.

While the Trustee cites **State Street Bank and Trust Co. V. Heck's Inc.**, 963 S.W.2d 626 (Ky. 1998) for the proposition that a defectively acknowledged mortgage is not, in and of itself, sufficient to put the Trustee or any other purchaser on constructive notice of a prior equitable interest in property, she misconstrues an important part of the opinion.  The Kentucky Supreme Court specifically reiterated that it has long been held that the clause "without notice" in KRS 382.270, Kentucky's mortgage recordation

5

statute, means "without actual knowledge of the existence of a mortgage, either unrecorded or improperly recorded, **or knowledge of such facts as would lead a reasonably prudent person under like circumstances to inquire into the matter and discover the existence of that mortgage."** *(Emphasis added)* **Id.**, quoting ***Cox v. Guaranty Bank & Trust Co.,*** 199 Ky. 250 S.W.804 (1923).  The court then expressly stated that while the defective mortgage at issue in the case "did not give *constructive* notice of its existence to a subsequent purchaser or creditor, it retained priority over one whose interest was acquired with *actual* or *inquiry* notice of its existence." (Emphasis original) **State Street Bank**, supra, at 630.  There, the court found the subsequent creditor, First National Bank of Corbin, had at least constructive notice of a properly recorded subordination agreement by which its mortgagors subordinated their fee interest in the property in question to the prior equitable interest holders, and that constructive notice was prima facie evidence of sufficient knowledge to put First National on inquiry notice of the prior equitable interest.  ***Id.***

      Such a clear expression of state law regarding the effect of other valid recorded instruments to put subsequent purchasers and creditors on inquiry notice of a prior equitable interest requires the court to reject Trustee's chain of title argument.  Trustee avers that any valid recorded instrument or document, including the subsequent lis pendens and assignment in the instant case, which derives from a defective and unrecorded mortgage is outside the chain of title and therefore unable to provide inquiry notice to subsequent purchasers or creditors.  The court finds no support for this proposition in the relevant Kentucky or federal bankruptcy cases applying Kentucky law.

Indeed, the Trustee's sole authority for her position is a First Circuit opinion construing the law of Vermont, which the court finds substantially different from applicable Kentucky law that it is bound to follow.

There is no indication that any of the relevant cases discussed herein concerning the rights of subsequent purchasers, creditors or trustees versus prior equitable interest holders have considered that other instruments which reference or derive from an unrecordable mortgage are "outside the chain of title" and therefore ineffective to provide inquiry notice.  In fact, *In re Vance,* supra, a case cited liberally by the Trustee, discusses the **State Street Bank** case and, in concluding that whereas the subsequent party there had constructive notice of the fee subordination and, through it, constructive notice of the existence of the prior equitable interest, in **Vance**, "there are no facts that can be constructively charged to the trustee."  *In re Vance*, 99 Fed.Appx. at 28.

Similarly, in *In re Anderson*, 324 B.R. 609 (Bankr. W.D. Ky. 2005), the court considered the application of **State Street Bank** to determine whether a Chapter 13 debtor invoking the strong arm powers of sec. 544(a) may be charged with knowledge of facts that would lead a reasonably prudent person under like circumstances to inquire into a matter to determine the status of a prior interest.  In **Anderson**, the court recognized that, under **State Street Bank,** "although an improperly recorded document could not provide constructive notice of the lien it purported to create, a separately recorded instrument that made reference to that improperly recorded document could provide constructive notice of sufficient facts related to the lien to lead a reasonably prudent person to inquire further about the lien." **Anderson**, 324 B.R. at 612.  Although

7

there were no facts in other documents in *Anderson* which could be charged to the Chapter 13 debtor, the court applied the same analysis as outlined by the courts in *State Street Bank*, supra, and *In re Vance*, supra, and made no reference to such other documents being outside the chain of title and therefore ineffective to provide inquiry notice.

Accordingly, the court finds that the properly executed and recorded lis pendens notice, filed of record prior to the Chapter 7 proceeding, provides constructive notice to subsequent purchasers and creditors, including the Trustee herein, of its own contents and inquiry notice of the prior equitable interest of the Defendants. Indeed, the very purpose of a lis pendens notice in Kentucky is to provide inquiry notice of the claimed interest in the property by the party filing it. *Ben Williamson & Co. v. Hall,* 290 Ky. 672, 161 S.W.2d 905 (1942). Because the lis pendens on its own is sufficient to defeat the Trustee's status as a bona fide purchaser without notice, it is not necessary to consider the Trustee's argument that the assignment filed thereafter is defective.

The court will enter a separate order sustaining the Defendants' Motion for Summary Judgment and overruling the Plaintiff's Motion for Summary Judgment.

Copies to:

Anna C. Johnson, Esq.

John L. Day, Jr., Esq.

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~
*The affixing of this Court's electronic seal below is proof this document has been signed by the Judge and electronically entered by the Clerk in the official record of this case.*



**Signed By:**
*Joseph M. Scott*
**Bankruptcy Judge**
**Dated: Wednesday, January 25, 2006**
**(jms)**